IN RE ADOPTION OF WYATT.

[Cite as In re Adoption of Wyatt, 4 Ohio Misc. 47.]

(No. 11858—Decided April 12, 1965.)

PETITION FOR ADOPTION: Probate Court of Muskingum County.

*Mr. Joseph W. McNerney*, for petitioners.
*Mr. John C. Ringhisen* and *Mr. R. William Geyer*, for Muskingum County Child Welfare Board.

GARY, J. This matter is heard upon the petition of Chauncey Wyatt and Geraldine Wyatt to adopt Melissa Jean Wyatt. The child was placed in the home on February 13, 1963, by the Muskingum County Child Welfare Board, which has made a home study and visitations, and has prepared and filed the next friend's report as required by Sections 3107.05 and 3107.10, Revised Code. This report was signed by Thomas Porter, executive secretary of the board. An answer and consent, as required by Section 3107.06, Revised Code, has also been filed, and has been signed and verified by Thomas Porter, executive secretary. The petitioners have filed a motion to set aside this answer and consent for the reason that it has not been signed by the members of the board, or a majority of them.

The question presented to the court is whether an answer and consent signed and verified by the executive secretary of the child welfare board is sufficient compliance with Section 3107.06, Revised Code, to authorize the court to enter a decree of adoption.

Chapter 5153., Revised Code, provides for the creation of child welfare boards, or in some counties, the exercise of the powers and duties of such boards by county welfare departments. Section 5153.10, Revised Code, provides:

"The county child welfare board or the county department of welfare, which performs the duties and exercises the powers set forth in Sections 5153.16 to 5153.19, inclusive, of the Revised Code, shall designate an executive officer known as the 'executive secretary' * * *.

"* * * The board or department may, after consultation with the executive secretary, adopt rules and regulations of general application, not inconsistent with law or with the rules and regulations of the division of social administration."

Section 5153.11, Revised Code, provides:

"The executive secretary shall administer the work of the county child welfare board or county department of welfare, subject to the rules and regulations of such board or department * * *."

Section 5153.01, Revised Code, defines "Executive Secretary":

"(C) 'Executive secretary' means the person charged with the responsibility of administering the powers and duties of

such sections, whether he is appointed by the county child welfare board or by the county director of welfare, or whether the county director himself serves as such executive secretary.''

Section 5153.09, Revised Code, provides that board members shall serve without compensation.

Section 3107.06, Revised Code, includes the following:

''No final decree or interlocutory order of adoption shall be entered by the Probate Court unless there is filed with the court written consents to the adoption, verified or acknowledged by the following:

''* * * *

''(D) By any division, county department or board, certified organization, or a person or persons having the permanent custody of the child. * * *''

The sections referred to (Sections 5153.16 to 5153.19, Revised Code), enumerate more than twenty specific powers and responsibilities of the child welfare board, as well as several general grants of authority. It is obviously expecting the impossible to suppose that the board members would individually or as a group personally perform these multitudinous duties. Our state has many such uncompensated boards, the members of which are appointed because of their ability and good judgment, and who are expected to set the rules and lay down guidelines for the conduct of the organization, but who rely on the professional staff of employees to carry on the routine activities of the agency. The above-cited sections specifically provide that the executive secretary shall administer the work of the board. Certainly the signing of such an answer and consent is within the scope of this authority.

The recent case of *Tisone v. Board of Liquor Control*, 1 Ohio App. 2d 126, refers to an analogous situation. In that case the *clerk* of the Board of Liquor Control signed the certification of the transcript of testimony in an appeal from the board to the Common Pleas Court. Although the statute then in effect provided that the Director of Liquor Control was to serve as the executive secretary of the board, the Court of Appeals held that certification by the clerk was sufficient compliance with Section 119.12, Revised Code, which provides that ''the agency * * * shall certify.''

It appears to this court that the certification of a tran-

script is of equal or greater importance than the signing of an answer and consent, and in all probability there would have been no appeal in the *Tisone case* had the certification been signed by the executive secretary.

The court finds that the executive secretary of the child welfare board has authority, under the sections above cited, to sign, verify or acknowledge the answer and consent required by Section 3107.06, Revised Code, and that the answer and consent in this case has been properly executed. The motion to set it aside is hereby overruled.

The court having examined the petitioners separately and apart from each other, and being satisfied that it will be for the best interests of the child to permit the adoption, and finding that the child has resided in the home of the petitioners continuously for a period of six months immediately prior to this hearing, the court hereby dispenses with an interlocutory order and enters a final decree of adoption.

*Judgment accordingly.*